132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sylvester John SASNETT, Jr., Petitioner-Appellant,
v.
Jeffrey P. ENDICOTT, Respondent-Appellee.
 No. 97-2435.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1997*
Decided Dec. 8, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 96 C 832; Barbara B. Crabb, Judge.
 Before FAIRCHILD, CUMMINGS, MANION, Circuit Judges.
 
 O R D E R
 
 1
 Sylvester Sasnett appeals the denial of his § 2254 petition by the district court. A jury convicted Sasnett for the rape of Lisa Turner, a 19-year-old mildly retarded, developmentally disabled woman, during the burglary of her family's home. Sasnett alleges two Sixth Amendment violations in his petition: 1) the admission of the testimony of Lisa's therapist improperly bolstered Lisa's testimony in violation of the Confrontation Clause; and 2) the failure to secure an expert witness to rebut the therapist's testimony constituted ineffective assistance of counsel. The district court rejected both claims. We affirm.
 
 I. Standard of Review
 
 2
 A § 2254 petition can only be granted when the state court's treatment of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). State court legal determinations are reviewed de novo, see Hall v. Washington, 106 F.3d 741, 748 (7th Cir.1997), while state court factual determinations are presumed correct unless rebutted by clear and convincing evidence. See § 2254(e)(1).
 
 
 3
 II. Confrontation Clause Claim The only evidence offered by the state that linked Sasnett with the rape was the testimony of the victim. After a brief cross-examination of the victim that highlighted some inconsistencies in the victim's testimony, the state offered the testimony of Judith Sweet, a therapist who had personally worked with Lisa for several years. The trial court allowed Sweet to testify about Lisa's mental capacity, ability to distinguish between right and wrong, and ability to recall historical facts, because "the jury saw her testify with her obvious limitations, and the way she looks, and the way she walks and talks, and ... they're entitled to have the testimony of a therapist who has been working with her."
 
 
 4
 When questioned about Lisa's ability to recall facts, Sweet testified as follows:
 
 
 5
 Lisa is incredible with her memory and always has been. Her ability to recall is almost picture perfect. And, again, I think that relates to her developmental disability, because people with a developmental disability have only one way to learn, and that's by memory. They cannot think through a process, they cannot make decisions, they cannot learn by thinking through, they can only learn by memory.
 
 
 6
 So, their memory serves them in order to get through life. So she could recall almost every detail of every instance. She also, does not have the capability of elaborating on her memory, she can't elaborate the way you and I might in looking back. She only will recall the way it was
 
 
 7
 Sasnett claims that this testimony invaded the province of the jury to determine the credibility of witnesses, in violation of the Sixth Amendment Confrontation Clause However, the Confrontation Clause does not prohibit the bolstering of witnesses, but rather is primarily a guarantee of the right of the accused to cross-examine his accusers, and to confront his accusers face to face at trial. See, e.g., Coy v. Iowa, 487 U.S. 1012, 1015-16 (1988). Both Lisa and Sweet were present in the courtroom, and Sasnett cross-examined both of them, Thus. there was no violation of the Confrontation Clause.
 
 III. Ineffective assistance of counsel claim
 
 8
 Sasnett's second claim is that he was denied the effective assistance of counsel at trial because his counsel did not request an independent expert to evaluate Lisa's ability to recall facts. Under Strickland v. Washington, 466 U.S. 668, 687 (1984), to succeed on an ineffective assistance of counsel claim, Sasnett must show both that his attorney's performance was deficient and that he was prejudiced by the deficient performance. The standard set by Strickland is low. See Kubat v. Thieret, 867 F.2d 351, 369 (7th Cir.1989).
 
 
 9
 Sasnett fails to show that his attorney's performance was deficient. When evaluating claims under Strickland, this court will not second-guess counsel's reasonable trial strategy. See United States v. Williams, 106 F.3d 1362, 1367 (7th Cir.1997), Under Strickland, the "decision not to hire experts is within the realm of trial strategy." Yohey v. Collins, 985 F.2d 222, 228 (5th Cir.1993). In this case. the decision to not to obtain an expert was reasonable. It is only speculative that counsel could have found an expert that would testify the way that Woods would want. From the record, it is clear that the expert based her opinion on Lisa's capability on many years of close contact with Lisa. Finding an expert with that level of familiarity with Lisa would have been impossible. Given that possibility, counsel might have chosen to simply attack Sweet on cross-examination, rather than with another expert. The record shows that trial counsel was effective on cross-examination, and highlighted aspects of Sweet's testimony favorable to the defense on cross-examination. Since counsel did a serviceable job dealing with the issue of Lisa's credibility at trial, we cannot say that counsel's performance fell below the low standard set by Strickland.
 
 
 10
 Moreover, even if counsel's performance was deficient, Sasnett does not show that the failure to obtain an expert prejudiced him. In order to show prejudice under Strickland, Sasnett must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U S. at 694. The lack of an independent expert does not undermine confidence in the outcome because of the extremely high likelihood that Sweet would win a battle of experts. On the issue of Lisa's abilities, Sweet had more experience than any potential expert the defense could have theoretically presented. Sweet had worked with Lisa for approximately eight years at the time of the trial up until the year before the trial, she worked directly with Lisa as her therapist, and during the year before the trial she supervised the therapist who worked with Lisa. Any expert presented by the defense would have only a few hours of contact with Lisa. Sweet would clearly have been a more knowledgeable expert in these circumstances. So, even if there was a contrary expert, there is no reasonable probability that the result would have been different. Therefore, we reject Sasnett's ineffective assistance of counsel claim. and AFFIRM the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)